UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANGELICA RUIZ,

     Plaintiff,

-VS-

EQUIFAX INFORMATION SERVICES,
LLC, EXPERIAN INFORMATION
SOLUTIONS, INC., TRANS UNION, LLC,
CITIBANK, N.A., BANK OF AMERICA,
N.A., and CAPITAL ONE BANK (USA),
N.A.,

     Defendants.

_____/

CASE NO.:

**JURY TRIAL DEMANDED**

## **COMPLAINT**

Plaintiff, Chris Schaffer (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Equifax Information Services, LLC (hereinafter "Equifax"), Experian Information Solutions, LLC (hereinafter "Experian"), Trans Union, LLC (hereinafter "Trans Union"), Citibank, N.A. (hereinafter "Citibank"), Bank of America, N.A. (hereinafter "Bank of America"), and Capital One Bank (USA), N.A. (hereinafter "Capital One") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

### **PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC ("Equifax"), TransUnion, LLC ("Trans Union") and Experian Information Solutions, LLC ("Experian").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian and Trans Union are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities like Citibank, Capital One, and Bank of America, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information, here Citibank, Capital One, and Bank of America. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

6.      Likewise, the FCCPA is designed and adopted to define and reinforce individual consumers' rights and "is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations."   *Harris v. Beneficial Finance Company of Jacksonville*, 338 So.2d 196, 200-201 (Fla.1976).

## JURISDICTION

7.      The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

8.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1).

9.      Jurisdiction for pennant state law claims is provided by 28 U.S.C. § 1367.

10.     Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

11.     The Plaintiff is a natural person and resident of the State of Florida, residing in Hillsborough County, Florida.

12.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

13.     Plaintiff is a "consumer" as defined in Fla. Stat. § 559.55(8) as she is a national person allegedly obligated to pay a debt.

14.     Upon information and belief, Equifax is a corporation headquartered in the State of Georgia, authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays St., Tallahassee, Florida, 32301.

15.     Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 USC § 1681(f).

16.     Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

17.     Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

18.     Upon information and belief, Experian is a corporation headquartered in the State of California, authorized to do business in the State of Florida through its registered agent, CT Corporation System, located at 1200 South Pine Island Rd., Plantation, FL, 33324.

19.     Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f).

20.     Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

21.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Upon information and belief, Trans Union is a corporation headquartered in the State of Illinois, authorized to do business in the State of Florida through its registered agent, The Prentice-Hall Corporation System, Inc., located at 1201 Hays St., Tallahassee, FL, 32301.

14.     Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 USC § 1681(f).

15.     Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.     Citibank is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

22.     Citibank is a corporation attempting to collect an alleged consumer debt from Plaintiff.

23.     Upon information and belief, Citibank is a corporation which was formed in New York with its principal place of business located at 399 Park Avenue, New York, New York, 10022 and which conducts business in the State of Florida.

24.     Capital One is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

25.     Capital One is a corporation attempting to collect an alleged consumer debt from Plaintiff.

26.     Upon information and belief, Capital One is a corporation which was formed in Virginia with its principal place of business located at 1680 Capital One Dr., McLean, VA, 22102 and which conducts business in the State of Florida.

27.     Bank of America is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

28.     Bank of America is a corporation attempting to collect an alleged consumer debt from Plaintiff.

29.     Upon information and belief, Bank of America is a corporation which was formed in North Carolina with its principal place of business located at 100 North Tryon St., Charlotte, NC, 28255 and which conducts business in the State of Florida.

## FACTUAL ALLEGATIONS

30.     Plaintiff has been unfairly burdened by having another individual with very similar biographical information.

31.     To that end, Plaintiff has been careful over the years to do everything in her power to try to make sure that whenever she has provided her biographical information, the correct party would be identified.

32.     Additionally, Plaintiff has not been willing/able to secure credit for herself over the years.

33.     In 2018, Plaintiff noticed various tradelines on her credit reports from Equifax, Experian, and Trans Union.

34.     In January of 2019, Plaintiff sent certified mail to Equifax, Experian, and Trans Union to have them correct these mistakes.

35.     Plaintiff went in to great detail about herself, and her particular circumstances, that proved she should not have these tradelines on her credit reports.

36.     Upon information and belief, some of the furnishers listed on Plaintiff's credit reports were notified of the disputes by Equifax, Experian, and Trans Union.

37.     These furnishers reviewed the information and asked the CRA's to remove the tradelines.

38.     At this point, Equifax, Experian, and Trans Union were clearly on notice that Plaintiff's assertions in her letter were accurate.

39.     In January of 2019, Plaintiff notified Equifax that is was incorrectly reporting Citibank accounts and a Campus Partners account on Plaintiff's credit report.

40.     In February of 2019, Equifax "verified that this item belongs to you", in reference to a first Citibank account.

41.     In February of 2019, Equifax "verified that this item belongs to you", in reference to a second Citibank account.

42.     Upon information and belief, Equifax notified Citibank of Plaintiff's dispute of the accounts.

43.     In February of 2019, Equifax "verified that this item belongs to you", in reference to Campus Partners/AMS Servicing Group account.

44.     Upon information and belief, Equifax notified Campus Partners/AMS Servicing Group of Plaintiff's dispute of the account.

45.     In January of 2019, Plaintiff notified Experian that is was incorrectly reporting Citibank accounts and a Bank of America account on Plaintiff's credit report.

46.     In February of 2019, Experian determined "the information is accurate", in reference to a Bank of America account.

47.     Upon information and belief, Experian notified Bank of America of Plaintiff's dispute of the account.

48.     In February of 2019, Experian "verified as accurate", in reference to a Citibank account.

49.     In February of 2019, Experian "verified as accurate", in reference to a second Citibank account.

50.     Upon information and belief, Experian notified Citibank of Plaintiff's dispute of the accounts.

51.     Experian took so little time reviewing Plaintiff's disputes that they spelled Plaintiff's surname as "RUIX" in response to her dispute.

52.     In January of 2019, Plaintiff notified Trans Union that is was incorrectly reporting Citibank accounts and a Capital One account on Plaintiff's credit report.

53.     In February of 2019, Trans Union "verified as accurate", in reference to a Citibank account.

54.     In February of 2019, Trans Union "verified as accurate", in reference to a second Citibank account.

55.     Upon information and belief, Trans Union notified Citibank of Plaintiff's dispute of the accounts.

56.     In February of 2019, Trans Union "verified as accurate", in reference to a Capital One account.

57.     Upon information and belief, Trans Union notified Capital One of Plaintiff's dispute of the account.

58.     Citibank is still attempting to collect alleged debt(s) owed by the Plaintiff, on a revolving basis, by publishing this false information about the Plaintiff.

59.     Citibank, to this date, has never informed Equifax, Experian, or Trans Union that Plaintiff is not the responsible party for the alleged debt(s).

60.     Bank of America is still attempting to collect alleged debt(s) owed by the Plaintiff, on a revolving basis, by publishing this false information about the Plaintiff.

61.     Bank of America, to this date, has never informed Experian that Plaintiff is not the responsible party for the alleged debt(s).

62.     Capital One is still attempting to collect alleged debt(s) owed by the Plaintiff, on a revolving basis, by publishing this false information about the Plaintiff.

63.     Capital One, to this date, has never informed Trans Union that Plaintiff is not the responsible party for the alleged debt(s).

64.     To date, Equifax, Experian, and Trans Union have failed to report the proper information on Plaintiff's credit reports.

65.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Delayed attendance of college;

    ii.    Monies lost by attempting to fix her credit;

   iii.    Loss of time;

   iv.    Mental anguish, stress, aggravation, and other related impairments to the enjoyment of life.

## CAUSES OF ACTION

### COUNT I
**(Violation of the FCRA - As to Defendant Equifax Information Services, LLC)**

66.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) as if fully set out herein.

67.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

68.     As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

69.     Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

70.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EQUIFAX INFORMATION SERVICES, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT II
**(Violation of the FCRA - As to Defendant Equifax Information Services, LLC)**

71.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) above as if fully set out herein.

72.     Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

73.     As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

74.     Equifax's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

75.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES, LLC, jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT III
### (Violation of the FCRA - As to Defendant Experian Information Solutions, Inc.)

76.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) as if fully set out herein.

77.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

78.     As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

79.     Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

80.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## <u>COUNT IV</u>
**(Violation of the FCRA - As to Defendant Experian Information Services, Inc.)**

81.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) above as if fully set out herein.

82.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

83.     As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

84.     Experian's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

85.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## COUNT V
### (Violation of the FCRA - As to Defendant Trans Union, LLC)

86.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) as if fully set out herein.

87.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

88.     As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

89. Trans Union's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

90. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TRANS UNION, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT VI
### (Violation of the FCRA - As to Trans Union, LLC)

91. Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) above as if fully set out herein.

92. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

93. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and mental and emotional pain stemming from the anguish, humiliation, and loss of time.

94.     Trans Union's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 USC § 1681o.

95.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff demands judgment and compensatory and punitive damages against Defendant, TRANS UNION, LLC., jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

<u>**COUNT VII**</u>
**(Violation of the FCCPA - As to Defendant Citibank, N.A.)**

96.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

97.     At all times relevant to this action, Citibank, is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

98.     Citibank, violated Fla. Stat. § 559.72(5) by disclosing information to known and unknown third parties concerning the existence of a debt known to be false.

99.     Citibank's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CITIBANK, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**COUNT VIII**
**(Violation of the FCRA - As to Defendant Citibank, N.A.)**

100.    Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

101.    Citibank published the Citibank representations to Equifax, Experian, and Trans Union and through Equifax, Experian, and Trans Union to all of Plaintiff's potential lenders on multiple occasions.

102.    Citibank violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Citibank's representations; by failing to review all relevant information regarding same; by failing to accurately respond to Equifax, Experian, and Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Citibank representations to the consumer reporting agencies.

103.    Synchrony violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union after Citibank had been notified that the information was inaccurate.

104.    Citibank violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian, and Trans Union that Citibank knew was inaccurate.

105.    Citibank did not have any reasonable basis to believe that the Plaintiff was responsible for the account(s) reported in the Citibank representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Citibank knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Citibank would attempt to plea

ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

106.    As a result of this conduct, action and inaction of Citibank, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain; and loss of time.

107.    Citibank's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CITIBANK, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IX
### (Violation of the FCCPA - As to Bank of America, N.A.)

108.    Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

109.    At all times relevant to this action, Bank of America, is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

110.    Bank of America, violated Fla. Stat. § 559.72(5) by disclosing information to known and unknown third parties concerning the existence of a debt known to be false.

111.    Bank of America's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, BANK OF AMERICA, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT X
### (Violation of the FCRA - As to Defendant Bank of America, N.A.)

112.    Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

113.    Bank of America published the Bank of America representations to Experian and through Experian to all of Plaintiff's potential lenders on multiple occasions.

114.    Bank of America violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Bank of America's representations; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Bank of America representations to the consumer reporting agencies.

115.    Bank of America violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian after Bank of America had been notified that the information was inaccurate.

116.    Bank of America violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Experian that Bank of America knew was inaccurate.

117.    Bank of America did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Bank of America representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Bank of America knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Bank of America would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

118.    As a result of this conduct, action and inaction of Bank of America, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain; and loss of time.

119.    Bank of America's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, BANK OF AMERICA, N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## <u>COUNT XI</u>
### (Violation of the FCCPA - As to Capital One Bank (USA), N.A.)

120.    Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

121.    At all times relevant to this action, Capital One, is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

122.    Capital One, violated Fla. Stat. § 559.72(5) by disclosing information to known and unknown third parties concerning the existence of a debt known to be false.

123.    Capital One's, actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CAPITAL ONE BANK (USA), N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## <u>COUNT XII</u>
### (Violation of the FCRA - As to Defendant Capital One Bank (USA), N.A.)

124.    Plaintiff re-alleges and fully incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

125.    Capital One published the Capital One representations to Trans Union and through Trans Union to all of Plaintiff's potential lenders on multiple occasions.

126.    Capital One violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Capital One's representations; by failing to review all relevant information regarding same; by failing to accurately respond to Trans Union; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Capital One representations to the consumer reporting agencies.

127. Capital One violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union after Capital One had been notified that the information was inaccurate.

128. Capital One violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Trans Union that Capital One knew was inaccurate.

129. Capital One did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Capital One representation. It also had substantial evidence by which to have verified that the Plaintiff was not the responsible party. Capital One knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Capital One would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

130. As a result of this conduct, action and inaction of Capital One, Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; the mental and emotional pain; and loss of time.

131. Capital One's conduct, action, and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, CAPITAL ONE BANK (USA), N.A., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Jason R. Derry, Esquire*
Jason R. Derry, Esquire
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
lstokes@ForThePeople.com
*Attorney for Plaintiff*